## MATHIAS PLUM v. MARIA H. LUGAR.

The act of 1886, section 3 (*Rev. Sup.*, *p.* 28, ¿ 6), does not operate as a repealer of that part of the forty-fifth section of the Attachment act which requires the auditor's report to be on file for ten days, and the approval of the report by the court or a judge, and an order for judgment.

In attachment. On motion to open judgment.

Argued at February Term, 1887, before Justices VAN SYCKEL and MAGIE.

For the plaintiff, *Coult & Howell.*

For the defendant, *J. Flemming.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is a motion to open a judgment in attachment, on the ground that it was improvidently and irregularly entered. The forty-fifth section of the Attachment act (*Rev.*, *p.* 50) authorizes judgment upon report of auditor at any time after six months from the return of the writ, provided the report is on file ten days, and the report is first approved by the court or a judge, and an order made for judgment.

The act of 1886 (*Rev. Sup.*, *p.* 28, § 6) provides that judgment upon the report of the auditor may be entered after three months after execution of the writ, and that the auditor may make report at any time after the expiration of three months after execution of the writ, and that no formal calling of the defendant in open court shall be necessary, but that his default to appear may be recorded at second term of court after the writ is executed. Judgment in this case was entered before report was on file ten days, and without the order of the court or a judge, as required by the forty-fifth section of the Attachment act

The question is, Does the act of 1886, section 3, operate as a repealer of this requirement in section 45 ? There are no express words in the act of 1886 repealing inconsistent legislation. If two acts are so inconsistent and contrary that both cannot stand, the latter will abrogate the former. If by any reasonable construction both can be upheld, the latter will not repeal the former. Repeal by implication is not favored. *Britton* v. *Blake*, 6 *Vroom* 208 ; *S. C.*, 7 *Vroom* 442 ; *Morris and Essex R. R. Co.* v. *Commissioners*, 8 *Vroom* 228 ; *Golding* v. *Collector*, 8 *Vroom* 258 ; *Landis* v. *Landis*, 10 *Vroom* 274. Where no repealing words are inserted in a later act, a strong presumption arises that no repeal was intended, or it would have been expressed. *McNeely* v. *Woodruff*, 1 *Green* 352.

The provisions of the forty-fifth section, which have not been observed, are not inconsistent with the later legislation, and therefore not repealed by implication.

The judgment was improvidently entered, and should be set aside, with costs.